Judgment reversed and new trial ordered, costs to abide the event.

---

BARNABAS HAMMETT ET AL., RESPONDENTS, v. JOHN T. BARNARD ET AL., APPELLANTS.

*Promissory note — consideration — failure of.*

Where a contract for the sale and purchase of merchandise is entered into, and, thereafter, a bill of lading is delivered to the purchaser, differing in its provisions from the terms of sale agreed upon, and the purchaser, on receiving it, gives his note for the amount appearing due thereby, the question whether the note was given with knowledge of the alteration of the terms of the contract appearing in the bill of lading, is properly submitted to the jury, and their finding is conclusive.

[*] Crocker v. Crocker, 31 N. Y., 507; Rawles v. Deshler, 3 Keyes, 572.

APPEAL from a judgment in favor of plaintiffs and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Mr. Benedict,* for the appellants.

*Mr. R. H. Huntley,* for the respondents.

DAVIS, P. J. :

This action is brought on a promissory note made by the defendant, John T. Barnard, to the order of all the defendants in their firm name, and by them indorsed to the plaintiff. The making and indorsement of the note are admitted by the answer, and the defense set up is a failure of consideration. The answer alleges that before the making of the note, the defendants had bought, and the plaintiffs, by their agent, had sold and agreed to deliver to them a cargo of coal; that defendants were applied to by the agent of plaintiffs to give them said note for said coal, and, although the coal was not then delivered, the defendants, on such request and for the purpose of accommodating plaintiffs, gave the note in question; that plaintiffs did not deliver the cargo of coal or any part thereof, wherefore the consideration of the note wholly failed.

It will be observed that the only issue between the parties was whether the coal had ever been delivered. The contract of purchase and rate was admitted by the answer, and no question was made by the pleadings as to its validity, either by denial or by direct averment. The issue to be tried was, whether there had been a *delivery* according to the terms of the contract.

It appeared substantially, on the trial, that a broker applied to the defendants for an order for a cargo of coal. The defendants, after some negotiation, gave him an order for a cargo of the coal dealt in, and to be shipped by plaintiffs at five dollars and seventy-five cents per ton, to be delivered in their carts as convenient as practicable to their coal-yard. The broker took the order to plaintiffs, who refused to sell the coal otherwise than to be delivered on board the boat which would transport the same from Hoboken across the river to New York. The freight being fifty cents per ton, plaintiffs proposed to the broker to accept the order at five

dollars and twenty-five cents per ton on board, and the broker consented to this change; the order was altered accordingly. The coal was subsequently shipped, and a bill of lading was made out, which recited that the coal was shipped by plaintiffs in good order on board the barge called the McGurkey, to be delivered in like good order to the defendants at Gouverneur street, East river, they paying freight for the same at the rate of fifty-five cents per ton.

The barge arrived with the coal and was made fast to the wharf at Gouverneur street, which arrival seems to have been made known to the defendants.

The bill of lading was sent to the defendants, and on the twelfth of October the plaintiffs sent to the broker a bill for the coal at five dollars and twenty-five cents on board, from which the broker made out a bill in his own name, stating in substance that the defendants bought of him the coal (sold for account of plaintiffs) per barge McGurkey, "202 tons, Thomas Stoor, $5.25 on board, $1,060.50, advance freight $12.12. Cr. by cash $12.12, 3 months' interest $18.56, making a debit of $1,079,06."

The defendants gave the note for the balance of debit as shown by this bill.

On the part of defendants, evidence was given tending to show that the note was given without noticing the words " on board " in the bills, or the alteration as to price, and that the broker requested the note to be given because one of plaintiffs was about leaving for Philadelphia, and wished to take the note with him, and that defendants gave same to accommodate plaintiffs, protesting that the coal had not yet been delivered.

The broker testified that the note was given in settlement of the bill delivered by him, and that he delivered the note to plaintiffs.

The barge was, by some accident, after the note had been given, broken away from the wharf and carried up the river and sunken, with her cargo, which was lost. The court submitted the question to the jury, and charged, in substance, that if the jury found that the defendants had notice of the change in the contract, by the reason of the bill having been rendered by the broker for and on account of plaintiffs, and assented to the change, and gave the note accordingly, the plaintiffs were entitled to recover; but if they believed that at the time the defendants made the settlement, the

contract was that the coal should be delivered in their carts, and did not waive that condition of the contract by their action, then the defendants would be entitled to their verdict.

The jury found for the plaintiffs. Various questions were raised in the form of requests to charge, touching the validity of the contract under the statute of frauds, and the sufficiency of acceptance under that statute, and exceptions were taken to the rulings of the judge.

We do not think there was any error in the rulings; but, under the pleadings, the contract of sale and purchase being admitted, those questions were not within any issue presented. The defendants, having admitted by their answer the contract of sale and purchase, took the affirmative on the issue whether there was a delivery of the coal pursuant to the contract, and plaintiffs, under the admission of the answer, were entitled to a verdict on the note, unless the defendants should establish the alleged failure of consideration by reason of non-delivery of the coal.

The question, therefore, whether the defendants, by settling and giving their note for the bill, as presented by the broker, for coal at five dollars and twenty-five cents, delivered "on board," assented to the alteration which the broker had made with plaintiffs, or were still at liberty to insist that, by the terms of the contract, the coal was to be delivered "in their carts" at five dollars and seventy-five cents, was one which, under all the circumstances, belonged to the jury. We do not think we should be justified in interfering with their verdict.

The judgment should, therefore, be affirmed.

DANIELS and WESTBROOK, JJ., concurred.

Judgment affirmed.